UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PATRICK LOMBARDO and
MARY BETH LOMBARDO

                Plaintiffs,                      **DECISION AND ORDER**
    -against-                                          CV-04-0277 (JMA)

UNITED STATES OF AMERICA,

                Defendant.
------------------------------------------------------------X

APPEARANCES:

    Edward G. Bailey
    Bailey & Sherman, P.C.
    42-21 Douglaston Parkway
    Douglaston, New York 11363
    *Attorney for Plaintiffs*

    Roslynn R. Mauskopf
    United States Attorney
    One Pierrepont Plaza
    Brooklyn, New York 11201
        By:    Kenneth A. Stahl
                 *Assistant United States Attorney*

**AZRACK, United States Magistrate Judge**:

       In this negligence action, brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, plaintiff, Patrick Lombardo, seeks to recover damages for physical injuries he claims to have sustained when he fell from the loading dock at the United States Post Office in New York on January 23, 2002. Plaintiff alleges that his injuries were caused by the actions of a postal employee. Pursuant to 28 U.S.C. § 636(c), the parties consented to having a United States Magistrate Judge preside over a non-jury trial of this action. It was determined that the trial would be bifurcated, with one proceeding at which the issue of liability would be adjudicated and, if necessary, another proceeding at which the issue of damages would be

determined. The trial on the issue of liability commenced and was completed on October 17, 2005. Having reviewed the parties' submissions, the evidence at trial, and assessed the credibility of all witnesses, I now set forth my findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52. For the reasons stated below, judgment is granted to the United States.

## I. FINDINGS OF FACT

The issue in this case is whether the United States Postal Service or its agents and employees were negligent. Plaintiff, Patrick Lombardo ("Lombardo"), alleges that Yung-Chin Ku, a postal employee, extended his hand to Lombardo in an offer to pull him up to the loading dock, grabbed hold of Lombardo's hand, and subsequently relinquished his grasp thereby causing Lombardo to fall to the ground and sustain physical injuries. Defendant denies these allegations and instead, argues that Ku never reached out his hand to Lombardo before he fell from the loading dock. Two postal employees were on the loading dock at the time of the accident, Yung-Chin Ku ("Ku") and Gerard Costa ("Costa"). Both men testified at trial, and I find them to be credible witnesses. Their testimony with respect to their observations of the accident, along with that of the plaintiff, is summarized below.

On the afternoon of January 23, 2002, Lombardo, a courier for DHL/Airborne Express, Inc., arrived at the United States Post Office Bayside Annex (the "Bayside Annex"), located at 41-29 216th Street, Bayside, New York to drop-off packages for delivery by the Postal Service. The Bayside Annex is a sorting facility where mail is separated for distribution to the appropriate postal routes. The rear of the Bayside Annex consists of three loading bays where delivery trucks are backed up and drivers can unload their packages and letters. The platform of the

2

loading dock is approximately two feet six inches above street level. Immediately adjacent to the loading bays is a door that leads to the interior of the facility. The door is approximately 25 feet from the southernmost loading bay. The door remains locked at all times and a numerical code is required to gain entry. Only postal employees are given the code. All other individuals must either knock or ring the doorbell to be let into the facility.

Upon his arrival at the Bayside Annex, Lombardo backed up his delivery vehicle to the southernmost bay of the loading dock and started to unload the packages from the van, placing them onto the loading dock platform. Ku assisted Lombardo by putting the parcels onto a cart so that they could be wheeled into the facility for proper sorting. Gerard Costa, another postal employee and safety captain, was also on the loading dock at this time and observed Lombardo unload the packages from his van. Once all of the packages were unloaded, Lombardo walked to the front of the van to retrieve his manifest so that he could obtain a supervisor's signature, thus confirming delivery. After retrieving his manifest, Lombardo attempted to jump up onto the loading dock. Although disputed by the parties, the clear weight of the evidence suggests that Lombardo lost his balance and began to fall backward. In an attempt to prevent Lombardo from falling, both Ku and Costa, who were standing approximately ten feet away, lunged forward to grab hold of Lombardo. Both men testified that they were unable to reach Lombardo before he fell to the ground. At best, the evidence suggests that Ku merely brushed Lombardo's hand as he fell. Lombardo later complained of a stabbing pain in his left shoulder and arm, as well as numbness and a tingling sensation.

## II. CONCLUSIONS OF LAW

This Court has subject matter jurisdiction over this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) ("FTCA"). The doctrine of sovereign immunity bars claims against the United States without its consent. See United States v. Mitchell, 445 U.S. 535 (1980). Under the Federal Tort Claims Act, the federal government has consented to be sued for the negligent acts or omissions of its employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). In the instant case, the accident occurred in Bayside, New York; thus, New York law applies. See Goldstein v. United States, 9 F.Supp.2d 175, 186 (E.D.N.Y. 1998) (applying New York law to an action brought under the Federal Tort Claims Act where the accident complained of occurred in New York); Kane v. United States, 189 F.Supp.2d 40, 51 (S.D.N.Y. 2002) ("Pursuant to the FTCA, New York law governs with respect to the claim of negligence, the sole claim before the Court.").

To prevail on a negligence claim under New York law, the plaintiff must satisfy three elements by a preponderance of the evidence. A plaintiff "must show that the defendant owed the plaintiff a cognizable duty of care, that the defendant breached that duty, and that the plaintiff suffered damages as a proximate result of that breach." King v. Crossland Sav. Bank, 111 F.3d 251, 259 (2d Cir.1997); see also Ducrepin v. United States, 964 F.Supp. 659, 663 (E.D.N.Y. 1997).

Plaintiff has failed to satisfy the first element of his negligence claim. Under New York law, "a landowner must exercise reasonable care to maintain its premises in a safe

condition . . . ." Michalski v. Home Depot Inc., 225 F.3d 113, 117 (2d Cir. 2000) (citing Basso v. Miller, 40 N.Y.2d 233, 241, 386 N.Y.S.2d 564, 568 (1976). There is no evidence that the loading dock was structurally unsafe or was in defective condition on the day of the accident. Furthermore, plaintiff failed to demonstrate that the condition of the loading dock contributed in any manner to his fall. Lombardo fell from the loading dock simply because he decided that it would be easier to jump up onto the loading dock platform rather than use the door that was only 25 feet away. Therefore, the threshold question is whether there was a duty to warn Lombardo not to do so and instruct him to use the door.

It is well established in New York that there is no duty to warn of obvious risks and dangers. See e.g., Tagle v. Jakob 97 N.Y.2d 165, 169, 737 N.Y.S.2d 331, 333-34 (2001); Cimino v. Town of Hempstead, 66 N.Y.2d 709, 496 N.Y.S.2d 425 (1985), aff'g 110 A.D.2d 805, 488 N.Y.S.2d 68 (2d Dep't. 1985); Olsen v. State of New York, 25 N.Y.2d 665, 667, 306 N.Y.S.2d 474, 475 (1969). Obvious risks and dangers are those that could have been or should have been appreciated or that can be recognized as a matter of common sense. See Howard v. Poseidon Pools, 72 N.Y.2d 972, 974-975, 534 N.Y.S.2d 360 (1988) (swimmer who knew that the pool was shallow should have known that diving into it "posed a danger of injury"); Bazerman v. Gardall Safe Corp., 203 A.D.2d 56, 609 N.Y.S.2d 610, 611 (1st Dep't. 1994) (possibility of injury from moving a heavy safe was an obvious risk).

Lombardo must have known, or reasonably should have known, that jumping onto the loading dock platform was an invitation for injury. The potential likelihood of injury resulting from an attempt to jump onto a concrete platform measuring two feet six inches above street level is an obvious risk, no matter how slight, and would be apparent to any reasonable person.

5

The fact that, on the previous day, Lombardo climbed up the loading dock two times without incident is of no consequence. The potential risk of falling from the loading dock was as apparent on the previous day as it should have been on the day of the accident. Lombardo, however, failed to perceive this potential risk. Nevertheless, "[a] defendant is not required to protect a plaintiff from his own folly." Smith v. Curtis Lumber. Co., 183 A.D.2d 1018, 1019, 583 N.Y.S.2d 642 (3d Dep't 1992). Here, defendant was not required to protect Lombardo from his own poor judgment in electing to use the loading dock for an unintended purpose, thereby exposing himself to an obvious risk of injury. Absent a duty owed, there can be no breach and thus, no liability on the part of defendant.

Based on the testimony and evidence presented in this case, it is clear that Lombardo's fall and subsequent injuries were wholly due to his own negligence. There was absolutely no reason for him to jump onto the loading dock platform, especially when the preponderance of the evidence at trial established that there were other options for ascending the platform that were plainly available. Lombardo could have just as easily handed his manifest to either Ku or Costa, who were both standing on the loading dock at the time Lombardo attempted to jump onto the platform. According to Costa's trial testimony, this was the normal procedure utilized by other deliverymen. Costa also testified that he signed delivery manifests from other drivers in the past and would have signed Lombardo's manifest had he been asked. Furthermore, Lombardo could have knocked on the door, which was no more than 25 feet away from where he was unloading his van, or he could have asked one of the postal employees on the loading dock to open the door. At that point, a postal employee would have opened the door so that he could enter the facility in the proper manner. All of these options were obvious alternatives and common sense

6

would dictate that they each pose substantially less risk than jumping onto the loading dock platform. Therefore, Lombardo's reckless conduct, rather than any negligence by defendant in failing to warn of the obvious and potential danger associated with attempting to jump onto the loading dock platform, was the sole proximate cause of his injuries. See Babcock v. County of Oswego,169 Misc.2d 605, 611-12, 644 N.Y.S.2d 958, 963 (N.Y. Sup. Ct. 1996).

### III. CONCLUSION

For the foregoing reasons, I find that, based on a preponderance of the evidence, plaintiff has failed to make out a prima facie case of negligence. It is hereby ordered that judgment be entered in favor of defendant, United States.

SO ORDERED.

Dated: November 8, 2005
      Brooklyn, New York

                                                _____/s/_____
                                                JOAN M. AZRACK
                                                UNITED STATES MAGISTRATE JUDGE